J-S30035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVON KELLY | : | |
| | : | |
| Appellant | : | No. 71 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008319-2022

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 12, 2025**

Appellant, Travon Kelly, appeals the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County, after the trial court found him guilty of aggravated assault, conspiracy to commit aggravated assault, recklessly endangering another person (REAP), simple assault, and criminal mischief.[1] He asserts the trial court abused its discretion by denying his post-sentence challenge to the weight of evidence and the evidence was insufficient for aggravated assault, conspiracy to commit aggravated assault, and REAP. Upon review, we affirm, and we grant defense counsel's application to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 903/2702(a), 2705, 2701, and 3304(a)(5), respectively.

On October 1, 2022, around 4:00 a.m., Crystal Hayes was asleep in her bedroom in a two-story rooming house in Philadelphia. *See* N.T. Trial, 5/13/2024, 14. Appellant and his girlfriend also lived in the rooming house. *See id*. at 15, 43-44. Hayes knew Appellant through her relationship with his brother. *See id*. at 15. She awoke to Appellant and his girlfriend, entering her room, unannounced. *See id.* at 17. As she stood up, Appellant's girlfriend started hitting Hayes in the head with a gun and Appellant kicked her in the chin. *See id*. at 18. Hayes fell to the ground and Appellant continued to kick her over twenty times all over her body, including to her head. *See* N.T. Trial, 5/13/2024, 18-19.

One of Hayes' neighbors called the police and, around 4:19 a.m., Officer Nicholas Aurilla and his partner responded to the rooming house. *See id.* at 54. Appellant, his girlfriend, and Hayes were verbally arguing in the hallway of the rooming house. *See id.* at 55. Hayes was covered in blood, and her face was swollen with multiple cuts and bruises. *See id.* at 55-56. She told Officer Aurilla that Appellant and his girlfriend had beaten her up. *See id.* at 58. While investigating the scene, police recovered a firearm from Appellant's girlfriend's purse. *See id.* at 56. Afterwards, Hayes was transported to the emergency room at Jefferson Torresdale Hospital. *See id.* at 66. She had a laceration on her chin, which was treated with seven stitches, abrasions on her right cheek, and bruising all over her body. *See* N.T. Trial, 5/13/24, 66-67; Commonwealth Trial Exhibit C7 (Hayes' Medical Records).

Appellant and his girlfriend were arrested the same day as the incident. *See* N.T. Trial, 5/13/24, 58. Appellant was charged with aggravated assault, robbery, burglary, conspiracy, criminal trespass, theft by unlawful taking, simple assault, REAP, and criminal mischief.[2] At the preliminary hearing on November 22, 2022, the criminal mischief charge was amended to a misdemeanor of the third degree. *See* Trial Disposition & Dismissal Form, 11/22/2022, 2; Information, 11/30/22. On May 13, 2024, Appellant waived his right to a jury trial and proceeded with a bench trial. *See* Waiver of Jury Trial Form, 5/13/24.

The Commonwealth presented testimony from Hayes and Officer Aurilla. *See* N.T. Trial, 5/13/24, 13-53 (Hayes Testimony), 54-66 (Officer Aurilla Testimony). There was a stipulation at trial that Hayes accused several individuals of the incident to different hospital staff members.[3] Afterwards, the

_____

[2] 18 Pa.C.S. §§ 2702(a)(1), 3701(a), 3502(a)(1), 903, 3503(a)(1), 3921, 2701, 2705, and 3304(a)(5) respectively.

[3] Specifically, the following was stipulated to at trial:

> [**Prosecutor**]: Your Honor, there's a stipulation by and between counsel in this case -- and I'll read out the names of employees -- but if the[y] were called to testify, we actually have four different versions of events here that [] Hayes gave to hospital attendants. If Dr. Parks was called to testify, he would testify [] Hayes told him she was assaulted by one man who woke her up from sleep and assaulted her all over her body. The second statement she gave was from Dr. Hill. [Hayes] said my brother's friend and his girlfriend broke into the door and both started to punch and kick her. The third statement [Hayes] gave to a social worker, Patricia Ryan, saying she was the assaulted by her brother and his

*(Footnote Continued Next Page)*

Commonwealth introduced medical records detailing Hayes' wound treatment and photographs of Hayes' injuries when she arrived at the hospital. *See id.* at 23-24; Commonwealth Trial Exhibit C5A-I (Hayes' Injury Photographs), Commonwealth Trial Exhibit C7 (Hayes' Medical Records). Additionally, Appellant introduced evidence of a yellow sweatshirt that Officer Aurilla testified he recognized Appellant wearing from the day of the incident. *See* N.T. Trial, 5/13/24, 61-63; Defense Trial Exhibit D4 (Appellant's Sweatshirt).

The trial court found Appellant guilty of aggravated assault, conspiracy, simple assault, REAP, and criminal mischief. *See id.* at 79-80.[4] On October 31, 2024, the trial court sentenced Appellant to an aggregate sentence of three and one half to seven years of incarceration, followed by three years of probation. *See* Order (sentencing), 10/31/2024. Appellant filed a timely post-sentence motion, which the trial court denied on November 19, 2024. *See* Order (post-sentence motion), 11/11/24; Order (denying post-sentence motion), 11/19/2024. Appellant filed a timely notice of appeal, and a court-ordered concise statement of errors complained of on appeal pursuant to

_____

girlfriend. The fourth statement [Hayes] gave to Dr. Partrofska[] was that she was assaulted by her partner.

N.T. Trial, 5/13/24, 36-37.

We note that the doctors' first names were not said during Appellant's trial. *See id.*

[4] The trial court found Appellant not guilty of robbery, burglary, criminal trespass, and theft by unlawful taking. *See* N.T. Trial, 5/14/24, 79-80.

Pennsylvania Rule of Appellate Procedure 1925(b), and the trial court filed an opinion. *See* Notice of Appeal, 12/19/24; Rule 1925(b) Order, 1/2/2025; Statement of Matters Complained on Appeal, 1/16/25; Trial Court Opinion, 2/18/25.

Appellant presents the following questions for our review:

1) Were the guilty verdicts against the weight of the evidence for all of the offenses as the only evidence tying [A]ppellant to the incident came from the complaining witness, whose testimony was materially inconsistent and incredible, to include on the very day of the incident providing various accounts explaining her injuries, accusing different people as perpetrators, and where no forensic evidence connected appellant to the incident. Indeed, clothing worn by [A]ppellant was in such condition, to include a lack of any blood, that it disproved [A]ppellant's participation in the incident, where blood was readily present?

2) Was the evidence insufficient to sustain the guilty verdicts for:

   A. Aggravated assault, as [Hayes] suffered no serious bodily injury, was briefly treated at the hospital and discharged the same day since she suffered no permanent disfigurement (only stiches to the chin leaving no visible injury at [the] time of trial) nor protracted loss or impairment of any bodily member/organ. Moreover, the evidence was insufficient to prove an attempt to cause serious bodily injury, as the incident was a close-quarters altercation amounting to an attempt to cause bodily injury akin to simple assault;

   B. Conspiracy to commit aggravated assault, as the evidence was insufficient to prove [A]ppellant agreed with the co-defendant to commit serious bodily injury to [Hayes], and at most the evidence may have shown an agreement to commit bodily injury, which is conspiracy to commit simple assault;

        C.      REAP, as the evidence did not prove that any kicking placed [Hayes] in any danger of death or serious bodily injury, and at most such actions may have proved [Hayes] was in danger of bodily injury?

Appellant's Brief, 4.

First, we will address Appellant's second claim. ***See Commonwealth v. Toritto***, 67 A.3d 29, 33 (Pa. Super. 2013) (*en banc*) ("Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we must address this issue first."). Appellant argues that the evidence was insufficient to sustain the guilty verdict for aggravated assault, conspiracy to commit aggravated assault, and REAP. ***See*** Appellant's Brief, 22. We begin by noting our standard of review for sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Gary*, 332 A.3d 118, 123–24 (Pa. Super. 2025) (quoting *Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*)).

First, Appellant argues that the evidence was insufficient to convict him of aggravated assault. *See* Appellant's Brief, 22. A person is guilty of aggravated assault when he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly[,] or recklessly under circumstances manifesting an extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant argues that the evidence failed to establish serious bodily injury because Hayes' seven stitches and contusions did not amount to permanent disfigurement or loss of bodily function. *See* Appellant's Brief, 23-24. Moreover, Appellant contends there is no proof Hayes was kicked in the head twenty or more times, because she would have sustained fatal or more severe injuries from an attack of that nature. *See id.* at 24. Finally, he avers that Hayes gave inconsistent accounts and was discharged from the hospital on the same day as her treatment. *See id.* at 23-24.

Appellant specifically points to *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), and argues that the evidence was insufficient because Hayes'

testimony was unreliable. *See* Appellant's Brief, 24-25. Generally, challenges to the verdict based on inconsistent testimony implicate the weight, not the sufficiency, of the evidence. *See Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018). However, our Supreme Court in *Karkaria* recognized an "exception to the general rule that the [fact-finder] is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." 625 A.2d at 1170 (citation omitted).

In *Karkaria*, the defendant asserted that the evidence adduced at his trial was insufficient as a matter of law to sustain his conviction for forcible rape of the victim, his stepsister. *See Karkaria*, 625 A.2d at 1167. The victim testified that the defendant sexually assaulted her on a regular basis from 1981 to 1984 and in the exact same manner over 300 times. *See id.* at 1168. Three witnesses testified they could recall specific complaints from the victim of the defendant touching her, but not sexual assault. *See id.* at 1171. The Commonwealth did not provide any direct evidence that any sexual intercourse took place between the defendant and the victim. *See id.* Our Supreme Court determined that the evidence in *Karkaria* was insufficient to sustain the defendant's rape conviction because the only record evidence was the victim's testimony, which was contradictory and inconsistent. *See Karkaria,* 625 A.2d at 1171-72 (noting victim's testimony was "disturbingly vague" and "the record [wa]s riddled with critical inconsistences").

Here, unlike **Karkaria**, Hayes' testimony was not the only evidence that the Commonwealth presented during Appellant's trial. The trial court found Hayes' testimony credible, Officer Aurilla's testimony corroborated the incident, and the Commonwealth provided Hayes' medical records. **See** Trial Court Opinion, 2/18/25, 6-7 (unpaginated). Upon our review, this case does not constitute an "exceptional instance" wherein **Karkaria** is applicable. **See Commonwealth v. Brown**, 52 A.3d 1139, 1165-66 (Pa. 2012) (reaffirming that **Karkaria** represents an "exceptional instance[ ] ... where the evidence [wa]s so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence."). Therefore, Appellant's application of **Karkaria** fails.

Turning back to Appellant's overall argument that the Commonwealth did not provide sufficient evidence for his aggravated assault conviction, we must view it in the light most favorable to the Commonwealth. **See** Appellant's Brief, 25-26; **Commonwealth v. Tejada**, 107 A.3d 788, 792 (Pa. Super. 2015). Upon review of the record, we agree with the trial court that the Commonwealth established Appellant attempted to cause Hayes to sustain serious bodily injury. **See** Trial Court Opinion, 2/18/25, 6-7 (unpaginated). Our Court has held that repeated blows to a victim, especially to their head, consist of an attempt to cause serious bodily injury. **See Commonwealth v. Lewis**, 911 A.2d 558, 564 (Pa. Super. 2006) (holding evidence of repeated blows, including three closed-fist punches, one to the stomach and two to the

face, coupled with severity of the injuries, including a bloody gash to victim's face and a pooling of blood in her stomach, supported an inference of intent to inflict serious bodily injury or reckless indifference to human life).

Here, Appellant kicked Hayes over twenty times, to her head and torso, while she was defenseless on the ground. *See* N.T. Trial, 5/13/24, 18-19. When Officer Aurilla arrived at the scene, he testified that Hayes was covered in blood and her face was swollen. *See id.* at 56. The medical records established that she received seven stitches to her chin, had abrasions on her left cheek, and bruising all over her body. *See id.* at 66-67; Commonwealth Trial Exhibit C7 (Medical Records). Accordingly, the Commonwealth established beyond a reasonable doubt that Appellant attempted to cause serious bodily injury to Hayes. *See* 18 Pa.C.S. § 2702(a)(1); *Tejada, supra*.

Next, Appellant asserts that the evidence was insufficient to sustain his conviction for criminal conspiracy to commit aggravated assault. *See* Appellant's Brief, 22-26. Appellant argues that "[d]ue to the complete absence of any injury that would indicate serious bodily injury or even the attempt to cause serious bodily injury, the evidence was likewise insufficient to prove that [A]ppellant conspired with another to commit serious bodily injury. Here, the evidence proved that [A]ppellant, at most, worked in concert with another to commit bodily injury to [] Hayes." Appellant's Brief, 25.

To prove the existence of a criminal conspiracy, the Commonwealth must demonstrate that the defendant: (1) entered an agreement to commit

or aid in an unlawful act with another person or persons; (2) with a shared criminal intent; and (3) an overt act was done in furtherance of the conspiracy. *See Commonwealth v. Chambers*, 188 A.3d 400, 409-10 (Pa. 2018); *see also* 18 Pa.C.S. 903(a), (d). "[T]he essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent." *Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa. Super. 2018) (citation omitted). The conspiratorial agreement "can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." *Commonwealth v. Mitchell*, 135 A.3d 1097, 1103 (Pa. Super. 2016) (quoting *Commonwealth v. Feliciano*, 67 A.3d 19, 26 (Pa. Super. 2013)). The existence of a conspiracy can, additionally, be sufficiently made out by the uncorroborated testimony of a single witness if believed by the fact-finder. *See Johnson*, *supra*.

The trial court's review of the sufficiency of the evidence for conspiracy included the following analysis:

> Circumstantial evidence established an agreement between the coconspirators, Appellant and Appellant's girlfriend. [] Hayes testified that Appellant's girlfriend hit her in the head with a firearm. [Hayes] knew the perpetrators because her boyfriend at the time of the incident was Appellant's brother. Officer Aurilia's testimony corroborated this because he stated [] Hayes told him that Appellant and Appellant's girlfriend are the ones who injured her. Also, Officer Aurilia testified that a gun was recovered from

- 11 -

Appellant's girlfriend's bag. The intimate relationship between Appellant and his girlfriend and her participation in the assault establishes beyond a reasonable doubt that there was an agreement between coconspirators. Additionally, the fact that both Appellant and his girlfriend attempted to enter [] Hayes' room by kicking in the wall and eventually entering her room together shows that there was an agreement between coconspirators. Appellant took an overt act in furtherance of the conspiracy when he intentionally kicked and injured [] Hayes. Therefore, the evidence presented at trial proves each element of Section 903 beyond a reasonable doubt.

Trial Court Opinion, 2/18/25 (unpaginated) (citations omitted).

We agree with the trial court's analysis. Here, the evidence, viewed in the light most favorable to the Commonwealth, supports the conclusion that Appellant and his girlfriend entered a conspiracy to attempt to cause Hayes serious bodily harm. **See Johnson**, **supra**; **see also** 18 Pa.C.S. § 903. Their combined attacks, focused at least initially on the victim's head by way of the girlfriend's strike to the victim's head with the gun and Appellant's kick to the victim's chin, before Appellant's infliction of around twenty more blows to other parts of the victim's body, demonstrated a unity of criminal purpose in those respects. **See Commonwealth v. Thomas**, 65 A.3d 939, 945 (Pa. Super. 2013) ("We held that acting together before, during, and after an attack on another individual suffices to show a unity of criminal purpose for purposes of sustaining a conviction for criminal conspiracy to commit aggravated assault."). The Commonwealth also presented testimony and forensic evidence, as noted above, demonstrating that Appellant attempted to cause serious bodily injury, undermining his claim that no conspiratorial agreement exists. Therefore, Appellant's argument lacks merit.

Finally, Appellant claims that the evidence was insufficient to establish his REAP conviction because the evidence failed to demonstrate his aggravated assault conviction. **See** Appellant's Brief, 26-27. He argues that, at most, the Commonwealth likely established simple assault and cites no case law. **See id.** at 26. A person who "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury" is guilty of REAP. 18 Pa.C.S. § 2705. To sustain a conviction for REAP, "the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." **Commonwealth v. Headley**, 242 A.3d 940, 944 (Pa. Super. 2020) (quoting **Commonwealth v. Hopkins**, 747 A.2d 910, 915 (Pa. Super. 2000)).

Our Court has held that "reckless endangerment is a lesser included offense of aggravated assault and where the evidence is sufficient to support a claim of aggravated assault it is also sufficient to support a claim of recklessly endangering another person." **Commonwealth v. Smith**, 956 A.2d 1029, 1036 (Pa. Super. 2008) (*en banc*) (quoting **Commonwealth v. Thompson**, 739 A.2d 1023, 1028 n.13 (Pa. 1999). We agree with the trial court's reasoning that the Commonwealth established sufficient evidence to sustain Appellant's conviction of aggravated assault supports Appellant's conviction of REAP. **See** Trial Court Opinion, 2/18/25, 8-9 (unpaginated). Accordingly, Appellant's claim has no merit. **See** 18 Pa.C.S. § 2705; **Johnson**, **supra**.

Next, Appellant challenges the weight of evidence. **See** Appellant's Brief, 15-21. He contends that the guilty verdict for all the convictions was against the weight of the evidence because Hayes' testimony was inconsistent; the Commonwealth stipulated at trial that Hayes, while hospitalized, gave four different accounts about who committed the assault on her. **See id.** at 17-19. Appellant further asserts that Hayes exaggerated the value of her property, and altered her story to serve her own interests, which he claims undermines her credibility. **See id.** at 19. He also maintains that Hayes' claim of being kicked in the head at least twenty times is not supported by medical evidence, as there is no serious injury, disfigurement, or lasting impairment. Additionally, there was no physical evidence tying him to the assault and no blood was found on the sweatshirt he was wearing. **See id.** at 21.

Our standard of review for a challenge to the weight of the evidence is well-settled:

> A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question [of] whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the [fact-finder's] verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Cousar***, 928 A.2d 1025, 1035-36 (Pa. 2007).

Moreover, when a weight challenge "is predicated on the credibility of trial testimony, [appellate] review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." ***Commonwealth v. Wallace***, 244 A.3d 1261, 1276 (Pa. Super. 2021) (quoting ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012) (brackets in original)). Any conflicts in the evidence or contradictions in testimony are exclusively for the fact-finder to resolve. ***See Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa. Super. 2012). Finally, we note that "[b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).

The trial court rejected Appellant's weight of the evidence argument in its Rule 1925(a) opinion as follows:

Although [Hayes'] credibility is somewhat suspect because of inconsistencies, the testimony of [Officer Aurilia] confirms and bolsters her testimony. Further, the medical records of [] Hayes support both her testimony and the testimony of Officer Aurilia.

[] Hayes testified that Appellant and his girlfriend assaulted her both by kicking her and hitting her with a firearm. She stated that Appellant kicked her in multiple parts of her body. This fact was corroborated by [Hayes'] medical records that stated she had

- 15 -

bruising all over her body and a laceration on her chin. [Hayes'] account of the incident was also confirmed by Officer Aurilia's testimony that she told him that it was Appellant and his girlfriend. Further, Officer Aurilia testified that a firearm was found in a bag that belonged to Appellant's girlfriend. Officer Aurilia stated that when he first arrived, he heard fighting and yelling from where [] Hayes was found inside. He also stated that [] Hayes appeared as though she was just in a fight. This [c]ourt viewed the images of [] Hayes' injuries and concluded without a doubt that someone did kick her.

Appellant challenges that the lack of forensic evidence, including blood on the hooded sweatshirt the Appellant was wearing at the time of the incident[,] outweighs the testimony of both [] Hayes and Officer Aurilia, the medical records, and the images of [] Hayes' injuries. This [c]ourt addressed the lack of blood on the hooded sweatshirt and stated: "He's been in sole possession of that hoodie. I don't know if that's the same hoodie he had on. I don't know if somebody else had that hoodie on in the prison. I don't know if that hoodie got washed in the prison."

Although the lack of blood on the hooded sweatshirt could tilt in Appellant's favor, that fact does not clearly and greatly outweigh all of the other incriminating evidence in this case. This [c]ourt must look at the evidence as a whole. This [c]ourt's verdicts are not shocking to one's sense of justice when looking at the totality of the evidence. Therefore, the guilty verdicts do not outweigh the evidence[,] and this [c]ourt's findings should be affirmed.

Trial Court Opinion, 2/18/25, 4-5 (unpaginated) (footnotes and citations omitted).

We find no abuse of discretion in the trial court's determination that Appellant's guilty verdict on each charge does not shock the conscience. *See Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003). Appellant's argument largely relies upon the trial court's finding that Hayes credibly testified and that the forensic evidence outweighed the evidence at trial. *See* Appellant's Brief, 15-19. Appellant wants this Court to reweigh the

evidence in his favor and act as the fact-finder based on a cold record, which this Court will not do. **See Commonwealth v. Brown**, 648 A.2d 1177, 1190 (Pa. 1994) (appellate court, whose review rests solely upon cold record, stands on different plane than trial court, who is aided by on-the-scene evaluation of evidence; thus, appellate court not empowered to substitute its opinion regarding weight of evidence for that of trial judge); **Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa. Super. 2011) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses."). Accordingly, this claim fails. **See Commonwealth v. Charlton**, 902 A.2d 554, 561 (Pa. Super. 2006) (quoting **Commonwealth v. Galindes**, 786 A.2d 1004, 1013 (Pa. Super. 2001)) ("A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed.").

Following our review of the record and the law, we conclude Appellant is not entitled to relief.

Judgment of sentence affirmed. Application to withdraw granted.[5]

---

[5] Defense counsel filed an application to withdraw as counsel for this case because he has accepted a job at the Philadelphia District Attorney's Office. **See** Application to Withdraw as Counsel, 8/22/25.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2025